# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,      )
                                )

v.                         )      **ID Nos. 1710011753**
                                )      **Cr. A.  Nos. IN17-11-0345, etc.**

RICHARD M. CUSHNER,    )
                **Defendant.**)

Submitted:  November 6, 2020
Decided: December 1, 2020

## ORDER DISMISSING MOTION FOR POSTCONVICTION RELIEF AND GRANTING COUNSEL'S MOTION TO WITHDRAW

(1)    This 1st day of December, 2020, upon consideration of Defendant Richard M. Cushner's Motion for Postconviction Relief (D.I. 39), his postconviction attorneys' Motion to Withdraw and supplement (D.I. 50 and 51), and the record in this case, it appears to the Court that:

(2)    In July 2018, following a two-day jury trial, Richard M. Cushner, was convicted of one count of third degree burglary and related criminal mischief charges.[1]

(3)    Several months later, Cushner was sentenced to serve, *inter alia*, a prison term under the provisions of the Habitual Criminal Act.[2]

---

[1]   D.I. 15.

[2]   D.I. 20-21.

(4)     Cushner filed a direct appeal to the Delaware Supreme Court.  His convictions and sentence were affirmed.[3]

(5)     Cushner then filed a first and timely *pro se* motion for postconviction relief under Superior Court Criminal Rule 61 and a request for appointment of counsel to assist him with that motion.[4]  In sum, Cushner's *pro se* prolix filing devolved to two main contentions with numerous subparts:  (1) a claim of ineffective assistance of counsel complaining that his trial counsel failed to object to a leading question, failed to properly conduct cross-examination of a key witness, and failed to call witnesses he believed would provide exculpatory evidence; and (2) a sufficiency of evidence claim.

(6)     In accord with this Court's Criminal Rule 61(e), Cushner was appointed postconviction counsel ("PCR Counsel").[5]  PCR Counsel have now filed a Motion to Withdraw pursuant to Rule 61(e)(7) with a detailed supporting memorandum.[6]  PCR Counsel assert that, based upon a careful and complete examination of the record, there are no meritorious grounds for relief.

---

[3]     *Cushner v. State*, 214 A.3d 443 (Del. 2019).

[4]     D.I. 39 and 40.

[5]     D.I. 43.

[6]     D.I. 50 and 51.

(7)     Under this Court's Criminal Rule 61(e)(7):

> If counsel considers the movant's claim to be so lacking in merit that counsel cannot ethically advocate it, and counsel is not aware of any other substantial ground for relief available to the movant, counsel may move to withdraw. The motion shall explain the factual and legal basis for counsel's opinion and shall give notice that the movant may file a response to the motion within 30 days of service of the motion upon the movant.[7]

(8)     Cushner's PCR Counsel have represented that, after careful review of Cushner's case, they have determined that Cushner's claims are so lacking in merit that they cannot ethically advocate them; and further, that PCR Counsel are not aware of any other substantial ground for relief.[8]  PCR Counsel provided Cushner with a copy of the Motion and advised Cushner of his ability under Rule 61(e)(7) to file a response within 30 days.[9]  Cushner filed no such response.

(9)     The Court gave Cushner an additional opportunity to file any response to the motion to withdraw and notice that the Court had—as required by Criminal Rule 61(d)—carefully reviewed his filings, those of postconviction counsel, and the complete record of the prior proceedings in this case.  The Court gave further notice that from that thorough review, it plainly appeared that Cushner was not entitled to

---

[7]     SUPER. CT. CRIM. R. 61(e)(7).

[8]     Mot. to Withdraw at 27.

[9]     D.I. 50.

postconviction relief. And so, the Court warned that Cushner's continued failure to file either a response to the motion to withdraw or other notice of his intent to further prosecute his postconviction application would be deemed his consent to the Court's entry of summary dismissal under Criminal Rule 61(d)(5).[10] Again, Cushner has failed to respond.

(10) "In order to evaluate [Cushner's Motion for Postconviction Relief], and to determine whether [PCR Counsel's Motion to Withdraw] should be granted, the court should be satisfied that [PCR Counsel] made a conscientious examination of the record and the law for claims that could arguably support [Cushner's] Rule 61 motion. In addition, the court should conduct its own review of the record in order to determine whether [Cushner's] Rule 61 motion is devoid of any, at least, arguable postconviction claims."[11]

(11) Having reviewed the record carefully, the Court has concluded that Cushner's initial *pro se* claims (which he now appears to have abandoned) are without merit, that no other substantial ground for relief exists, and it plainly appears that Cushner is not entitled to postconviction relief. Accordingly, Cushner's Motion

---

[10] (D.I. 70).

[11] *State v. Coston*, 2017 WL 6054944, at *2 (Del. Super. Ct. Dec. 7, 2017) (internal citations and quotations omitted).

for Postconviction Relief is **DISMISSED** under Criminal Rules 61(d)(5) and (e)(7)

and PCR Counsel's Motion to Withdraw is **GRANTED**.

**IT IS SO ORDERED,**

*/s/ Paul R. Wallace*

Paul R. Wallace, Judge

Original to Prothonotary

cc:    Mr. Richard Cushner, *pro se*
       Brian L. Arban, Deputy Attorney General
       Marc C. Petrucci, Deputy Attorney General
       Patrick J. Collins, Esquire
       Kimberly A. Price, Esquire
       Nicole M. Walker, Esquire
       Andrew J. Meyer, Esquire